UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TYRONE  DENNY IYC 15-10-0047,  )
           )
     Petitioner,  )
           )
    v.     )  No. 1:16-cv-02919-JMS-DKL
           )
STAN  KNIGHT,     )
           )
     Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Tyrone Denny for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 15-10-0047. For the reasons explained in this Entry, Denny's habeas petition must be **denied**.

**Discussion**

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B.  The Disciplinary Proceeding**

On October 5, 2015, while Denny was housed at the Plainfield Correctional Facility, Investigator P. Prulhiere issued a Report of Conduct charging Denny with aiding/attempting the use or possession of a cell phone, a class A offense, in violation of Code A 111/121. The Report of Conduct states:

> On October 5, 2015 at approximately 8:00 a.m., I Investigator P. Prulhiere, completed a forensic analysis of a cell phone confiscated from Housing Unit South (evidence number S15- 09-20). Retrieved from the phone was the contact list, photos and text messages. During the process of reviewing the collected data, I found two phone numbers connected to Tyrone Denny 160500 either by numbers submitted by him for his facility telephone list or from his Approved Visitation List. 718-570-4307 (Dee Denny) was found with a corresponding text message sent to the phone. 870-904-9576 with contact name Kiajuana was found imbedded in the phones [sic] contacted listing. 870-904-9576 was reported by Kiajuana Beasley as her contact phone number on her visitation application to visit Tyrone Denny. 870-904-9576 is not on Offender Denny's facility telephone listing. As a result of this information, there is sufficient evidence to charge Offender Denny with attempting to use and/or use of a cell phone.

Denny was notified of the charge on October 9, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing Denny did not request any witnesses or physical evidence, though he did request a lay advocate.

The Hearing Officer conducted a disciplinary hearing on November 6, 2015. At the hearing, Denny stated that "I don't even know Kiajuana. I didn't use that phone. They have others that have Dee['s] number". The Hearing Officer found Denny guilty of class A aiding/attempting the use or possession of a cell phone after considering the conduct report, offender statement, case file. The recommended and approved sanction imposed included loss of privileges, 180 days of lost credit time, and demotion in credit class from Credit Class 1 to Credit Class 2, which was suspended. The Hearing Officer imposed the sanctions because of the seriousness of the offense,

the frequency/nature of conduct, the degree to which the violation disrupted or endangered the security of the facility, and the offender's attitude and demeanor at the hearing.

Denny's appeals were denied and he filed this petition for a writ of habeas corpus.

### C. Analysis

Denny challenges the disciplinary action against him arguing that the charges are duplicative in violation of DOC policy. He also argues in reply that the evidence was not sufficient to satisfy DOC policy and that the sanctions violated DOC policy. But a claim that an aspect of a disciplinary action violated prison policy is insufficient to show a due process violation. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

In reply in support of his habeas petition, Denny also argues that the evidence is insufficient to support his disciplinary conviction. He argues that the conviction was based on the finding of a circuit board for a cell phone and that this item was not found in his possession. First, Denny did not raise this argument in his habeas petition and has therefore has arguably waived it. In addition, even absent waiver, he has failed to show that the evidence was not sufficient. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d

717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. Here, there was evidence that a cell phone existed and that phone was used by Denny because it contained at least one telephone number associated with him. This is sufficient to satisfy the lenient "some evidence" standard.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Denny to the relief he seeks. Accordingly, Denny's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: <u>January 6, 2017</u>

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TYRONE DENNY
160500
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only